STATE OF HAWAII, Plaintiff-Appellee, *v.* STEPHANIE ANNE PRESTON, Defendant-Appellant

NO. 7098

MARCH 3, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment of conviction for theft in the first degree pursuant to a jury verdict. The indictment alleged that from September, 1977 through November, 1977, the appellant obtained property of a value in excess of $200 of the Hawaii Child Centers subject to a known legal obligation to make a specified payment or other disposition and failed to do so but dealt with the property as her own with intent to deprive the Hawaii Child Centers of the property, thereby violating § 708-831(1)(b) of the *Hawaii Revised Statutes*.

On appeal, three points are urged: First, appellant urges that the trial court erred in admitting the testimony of Mafoe Sagia that she paid $140 in September and $100 in October to the appellant as tuition at the Hawaii Child Care Center. Appellant urges that this is evidence of an "other" crime. Since the payments were made within the period of the indictment and since the indictment does not specify what payments made to the appellant were converted wrongfully by her, there appears to be no merit to this contention. The mere fact that only Jennifer Mundon appeared before the Grand Jury, with respect to the payments she had made, did not prevent the State from introducing evidence of other payments converted by the appellant to her own use.

The second point urged by appellant is that the court below erred in permitting the testimony of Mary Ann Sand because she was a surprise witness whose name was not supplied prior to trial. An examination of the testimony of Mary Ann Sand reveals only that she testified that she saw Jennifer Mundon hand over a payment to the appellant. Since the appellant admitted that Mundon had made the payment to her, even if there was surprise, the surprise was harmless and there was no error.

Appellant's third point is that the court below erred in giving State's instruction No. 1, as modified, by not inserting the word "legal" before the word duty in the paragraph No. 2. However, the words "legally required" appear in the second paragraph of the instruction. Reading the instruction as a whole, we think it was clear and not erroneous.

With respect to the first two points, appellant's counsel failed to comply with Rule 3(b)(5), Rules of the Supreme Court of the State of Hawaii, which requires that the full substance of evidence admitted or rejected be stated in the points relied upon in the briefs. We are encountering numerous instances of counsel's failure to follow the requirements of Rule 3(b). Rule 3(b) was framed with an eye to making clear to the court on appeal the exact nature of the issues before it. Counsel's failure to follow the requirements of the Rule thrusts extra work upon the court and thus delays the administration of justice. Counsel is admonished to follow the Rules. Otherwise, sanctions will be applied.

Affirmed.

*Rai Saint Chu (Witherwax, Chu & Dinman* of counsel) for defendant-appellant.

*Lee T. Nakamura*, Deputy Prosecuting Attorney, for plaintiff-appellee.